IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONNIE WAYNE BUTLER, JR.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:24-CV-1060-L-BW** |
| § | |
| **BRYAN SCOTT-LEE; CITY OF** § | |
| **CLEBURNE, TEXAS; ROB** § | |
| **SEVERANCE; and KASEY COWELL,** § | |
| § | |
| Defendants. § | |

# ORDER

On August 13, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 84) was entered, recommending that the court grant the three Motions to Dismiss (Docs. 74-76) filed by all Defendants and dismiss with prejudice for failure to state a claim upon which relief may be granted regarding all claims asserted by Plaintiff in this action under 42 U.S.C. § 1983 for alleged excessive force against Officer Scott-Lee; municipal liability against the City of Cleburne for failure to train, supervise, or discipline; and bystander liability against Lieutenant Davenport. The magistrate judge determined that these claims fail because: (1) the Fifth Circuit requires more for excessive force than hand-cuffing resulting in limited bruising and tenderness, and the video footage demonstrates Officer Scott-Lee and Lieutenant Davenport checked the handcuffs and demonstrated that they were not excessively tight; (2) Plaintiff's inability to allege a constitutional violation precludes a claim for bystander liability; and (3) the lack of a constitutional violation also precludes Plaintiff's claim for municipal liability. The Report notes that Plaintiff has not alleged any claims against Chief Severance or

Kasey Cowell. The magistrate judge further recommends that Plaintiff not be allowed to further amend his pleadings, as he has already pleaded his best case, and amendment would be futile.

Plaintiff did not respond to the Report. He instead filed a Notice of Interlocutory Appeal (Doc. 85) on August 15, 2025, one day after issuance of the Report. Thereafter, he did not file any objections to the Report or seek an extension of his 14-day objection deadline, which has long since expired.

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motions to Dismiss (Docs. 74-76) and **dismisses with prejudice** this action and all claims asserted by Plaintiff. The court also agrees with the magistrate judge that Plaintiff should not be allowed to amend his pleadings further. Plaintiff had the opportunity to previously amend his pleadings previously, and he filed a large number of other documents in this case before issuance of the Report, but he has not sought to amend his pleadings further. Additionally, as noted, Plaintiff did not respond or object to the Report in an effort to cure the deficiencies identified, or seek an extension to do so. The court, therefore, determines that he has pleaded his "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates by reference** the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this

certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 25th day of November, 2025.

 

Sam A. Lindsay
United States District Judge